NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0170n.06

No. 18-1273

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Apr 02, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| DENNIS SCOTT KENT, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Defendant-Appellant. | ) | DISTRICT OF MICHIGAN |
| | ) | |

BEFORE: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Dennis Kent pleaded guilty to possessing child pornography in violation of 18 U.S.C. § 2252A. In addition to imposing a prison sentence, the district court ordered Kent to pay a $5000 special assessment under the Justice for Victims of Trafficking Act of 2015. 18 U.S.C. § 3014. Kent never objected to the assessment during sentencing, but he now argues that it doesn't apply to him because he is indigent.

Given Kent's failure to raise his challenge to the district court, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993). Under this standard, the district court must have erred in a way that was clear or obvious; that affected Kent's substantial rights; and that affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Section 3014 limits the special assessment's application to "non-indigent person[s]" convicted of certain crimes. See 18 U.S.C. § 3014(a). Kent argues that the assessment didn't apply to him because he was indigent—he had a monthly income of $1100 and a negative net worth of over $100,000—and that the district court erred by not specifically assessing his financial condition. But if the district court erred by failing to account for Kent's meager income and massive debt, the error was not *plain*. An error is plain only when binding case law makes it clear; without such case law, there can be no plain error. *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015). And here, the meaning of "non-indigent person" under § 3014(a) is an issue of first impression in our circuit, so no binding case law exists to render the error plain. That resolves Kent's appeal. We therefore affirm the imposition of the $5000 assessment under § 3014.